IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SANDY GARBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 20-0447-WS-M |
| | ) |
| CITY OF FAIRHOPE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This recently removed action comes before the Court on plaintiff's Motion to Remand (doc. 2). The Motion has been fully briefed and is now ripe for disposition.

**I.      Relevant Background.**

On August 14, 2020, plaintiff, Sandy Garber, filed a Complaint in the Circuit Court of Baldwin County, Alabama, against the City of Fairhope, its Mayor, and the members of the Fairhope City Council. Garber's claims relate to defendants' termination of his employment as a Fire Safety Inspector for the City of Fairhope. Defendants filed a Notice of Removal (doc. 1) on September 9, 2020, removing this action to federal court and predicating subject matter jurisdiction on the federal question provisions of 28 U.S.C. § 1331. Plaintiff now seeks remand of this action, alleging that defendants removed this case to federal court improvidently and without jurisdiction.

The jurisdictional issues raised in the Motion to Remand and accompanying briefs reflect fundamental disagreement by the parties as to the nature of Garber's claims; therefore, careful scrutiny of the precise language and claims presented in the Complaint is in order. In the opening paragraph of the Complaint, Garber states that he is bringing this action "for declaratory and injunctive relief and a writ of mandamus, arising from Defendants['] violation of rights guaranteed to Plaintiff under Municipal Ordinance No. 1492, Section 4, 4-22-13, the City of Fairhope Personnel Rules, Policies and Procedures, ***and the Fourteenth Amendment to the United States Constitution***." (Doc. 1-1, PageID.9 (emphasis added).)

In the "Nature of Action" section of the Complaint, Garber classifies this action in three respects. First, Garber says, "Plaintiff seeks a declaratory judgment regarding his rights with respect to defendants *under Alabama law*." (Doc. 1, ¶ 5 (emphasis added).) Second, the Complaint reflects that "[t]his is also a petition for … a writ of mandamus, brought pursuant to § 6-6-690 of the Alabama Code (1975), to compel defendants to accord plaintiff his rights *under Alabama law*." (*Id.*, ¶ 6 (emphasis added).) Third, according to the Complaint, "[t]his is an action for a preliminary and permanent injunction, brought pursuant to § 6-6-500 of the Alabama Code (1975), and Rule 65 of the Alabama Rules of Civil Procedure, to enjoin defendants from failing and refusing to accord plaintiff his rights *under state and federal law*." (*Id.*, ¶ 7 (emphasis added).)

In the "Factual Allegations" section of the Complaint, Garber details a series of facts and circumstances that he contends support his position that defendants failed to provide him with proper notice and/or a right to be heard regarding the proposed termination of his employment. The Complaint goes on to allege that "[t]he Defendants' conduct was intentional and/or done with reckless indifference to the Plaintiff's protected rights *under state and federal law*." (*Id.*, ¶ 42 (emphasis added).) In Count I, a claim for Writ of Mandamus, the Complaint indicates that defendants' alleged denial of "proper notice and a hearing" to Garber denied him "procedural and substantive due process rights as required under the Handbook and Municipal Ordinance 1492, Section 4, 4-22-13." (*Id.*, ¶ 46.) Count I also alleges that "Defendants had an affirmative duty to provide Plaintiff notice and an opportunity to be heard *under state and federal law*." (*Id.*, ¶ 50 (emphasis added).) Plaintiff's theory in Count I is that Garber is entitled to a writ of mandamus because defendants' "failure and/or refusal to provide Plaintiff proper notice and/or an opportunity to be heard … was an abuse of discretion or, in the alternative, an arbitrary act outside the exercise of reasonable discretion." (*Id.*, ¶ 51.) In Count II, which is a claim for declaratory judgment, the Complaint simply incorporates by reference all previous allegations and states, "There is a justiciable dispute and Plaintiff seeks a legal determination as to his rights and remedies under the above described facts." (*Id.*, ¶ 53.)

In contrast to the body of the Complaint, the "Prayer for Relief" section is devoid of reference to federal law. Indeed, Garber states in the Prayer for Relief that he seeks the following forms of relief: (i) a declaratory judgment that defendants' conduct violated the City of Fairhope's Personnel Rules, Policies and Procedures ("Personnel Rules"), as well as the above-

cited Municipal Ordinance; (ii) a preliminary injunction enjoining defendants from violating Garber's rights under the Municipal Ordinance and the Personnel Rules; (iii) a permanent injunction enjoining defendants from failing to reinstate and restore Garber's employment status and classification with the City of Fairhope, including back pay; (iv) an award of front pay; and (v) an award of plaintiff's costs, expenses and attorney's fees. (*Id.*, PageID.19.)

II.     Analysis.

In their Notice of Removal (doc. 1), defendants invoke federal question jurisdiction. The applicable statute provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The "arising under" test prescribed by § 1331 "allows for federal jurisdiction in two circumstances: first, where federal law creates the cause of action asserted; and second, where a complaint invoking only state-law claims necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state power." *Turbeville v. Financial Industry Regulatory Authority*, 874 F.3d 1268, 1274 (11th Cir. 2017) (citations and internal marks omitted); *see also Dopson v. Steverson*, 772 Fed.Appx. 843, 843-44 (11th Cir. June 11, 2019) ("For a claim to arise under federal law, the allegations in the plaintiff's complaint must establish that federal law creates the cause of action asserted or that his right to relief necessarily depends upon the resolution of a substantial question of federal law.") (citations and internal quotation marks omitted).

The sole question presented in the Motion to Remand is whether the § 1331 "arising under" standard is met in this case. Defendants' position is that "[b]ecause Plaintiff has raised a substantial question of federal law – whether Defendants' actions violated Plaintiff's federal due process rights, … [f]ederal question jurisdiction is therefore established on the face of Plaintiff's Complaint." (Doc. 1, PageID.5.) By contrast, plaintiff's stance is that "there exists no viable due process claim under § 1983 Plaintiff can assert which would implicate federal subject matter jurisdiction." (Doc. 7, PageID.58.) Of course, defendants, as the parties invoking federal jurisdiction in this case, bear the burden of establishing the existence of federal subject matter jurisdiction. *See, e.g., Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) ("the burden of establishing removal jurisdiction rests with the defendant seeking removal"); *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002) ("As this case was

originally filed in state court and removed to federal court by the defendants, the defendants bear the burden of proving that federal subject matter jurisdiction exists."). All doubts about removal jurisdiction must be resolved in favor of remanding the action to state court. *See, e.g., University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. … Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.").

Again, the Motion to Remand turns on whether Garber's Complaint includes any claims that "arise under" federal law. Plainly, federal law does not create any of Garber's causes of action. After all, Garber's mandamus claim is brought pursuant to Alabama Code § 6-6-640, his declaratory judgment claim is created by Alabama Code § 6-6-222, and his claims for injunctive relief are animated by Alabama Code § 6-6-500. As such, the "arising under" test may be satisfied in this case only if, as to at least one of Garber's claims, his right to relief necessarily depends upon resolution of a substantial question of federal law.

In the Notice of Removal, defendants maintain that "[t]he allegation in Plaintiff's Complaint that Defendants violated 'rights guaranteed to Plaintiff … under the Fourteenth Amendment to the United States Constitution' confers original jurisdiction on the United States District Court pursuant to 28 U.S.C. § 1331." (Doc. 1, PageID.4.) Defendants elaborate that their basis for removal is their construction of the Complaint that "Plaintiff has raised a substantial question of federal law – whether Defendants' actions violated Plaintiff's federal due process rights." (*Id.*, PageID.5.) In defendants' view, the Complaint "clearly seeks a judicial determination regarding Plaintiff's allegation that his rights under the Fourteenth Amendment and 'federal law' were violated." (Doc. 6, PageID.48.)

The trouble with defendants' stance is that the Complaint on its face does not request a judicial determination as to whether Garber's rights under the Fourteenth Amendment and federal law were violated. Of course, defendants are correct that the Complaint does make a singular reference to the Fourteenth Amendment, and that it utilizes the phrase "federal law" on three occasions. However, conspicuously absent from the Prayer for Relief – where Garber itemizes precisely the remedies he seeks – is any mention of the United States Constitution or federal law. To the contrary, the Prayer for Relief delineates the relief sought by Garber in following terms: (i) a declaratory judgment that defendants' conduct violates the Personnel Rules

and the Municipal Ordinance; (ii) a preliminary injunction enjoining defendants from violating Garber's rights under the Personnel Rules and the Municipal Ordinance; (iii) a permanent injunction enjoining further violations of Garber's rights and requiring defendants to reinstate Garber's employment and benefits; (iv) an award of front pay; and (v) an award of costs, expenses and attorneys' fees. (Doc. 1-1, PageID.19.) Nothing in the Prayer for Relief can be reasonably construed as a request for a judicial determination that Garber's rights under the Fourteenth Amendment and federal law were violated.[1]  Certainly, these requested remedies do not necessarily depend upon the resolution of a substantial question of federal law. A court can grant all of this relief to Garber without considering principles of federal due process at all.

In response, defendants lean heavily on the isolated references to the Fourteenth Amendment and to federal law in the Complaint, and insist that "Plaintiff is now attempting to recast his Complaint as only seeking relief under state law." (Doc. 6, PageID.50.) But the mere fact that Garber's Complaint makes passing mention of federal law does not mean that he "presents a claim that arises under federal law," so as to expose his Complaint to the specter of removal under 28 U.S.C. §§ 1331 and 1441. Again, the Complaint (and specifically the Prayer for Relief in which Garber documents exactly what he wants the court to do) cannot reasonably

---

[1] In fact, Garber has readily acknowledged that he has no viable claim for a federal procedural due process violation. As plaintiff's brief puts it, "Since Plaintiff had an adequate means to remedy the alleged procedural deprivation in the State Court action, there can be no due process violation regardless of whether the plaintiff availed himself of that remedy." (Doc. 7, PageID.59.) Binding authority supports plaintiff's position. *See, e.g., Cotton v. Jackson*, 216 F.3d 1328, 1331 n.2 (11th Cir. 2000) ("procedural due process violations do not even exist unless no adequate state remedies are available"); *Horton v. Board of County Commissioners of Flagler County*, 202 F.3d 1297, 1300 (11th Cir. 2000) (if adequate state court remedy for procedural deprivation exists, "then there is no federal procedural due process violation"); *Lambert v. Board of Trustees*, 793 Fed.Appx. 938, 943 (11th Cir. Nov. 25, 2019) ("when state law provides an adequate means to remedy the alleged procedural deprivation, there is no due process violation regardless of whether the plaintiff availed himself of that remedy"). The point is not, as defendants characterize it, that plaintiff "erroneously focuses on the merits of a federal due process claim." (Doc. 6, PageID.49.) Rather, Garber's point is that he is not asking any court to make a ruling as to his federal procedural due process rights because he concedes he has no such claim, given the existence of an adequate state court remedy (*i.e.*, the state court action he was pursuing in Baldwin County Circuit Court prior to its removal to this District Court). In other words, Garber is not arguing that there is a procedural due process violation in this case because he concedes there is none; therefore, he cannot be asking this Court (or any other) to find that there is such a violation, and it is inaccurate to construe his Complaint as seeking such relief.

be read as seeking a legal determination that Garber was denied due process in violation of federal law.  A bare mention of the words "Fourteenth Amendment" or "federal law" in a pleading, without more, does not necessarily mean that federal law creates the cause of action asserted or that the plaintiff's right to relief necessarily depends upon the resolution of a substantial question of federal law, so as to satisfy the "arising under" test for federal jurisdiction under § 1331.

Nor do defendants bolster their position through the decisional authorities they cite.  According to defendants, "[t]he precise issue presented herein" was addressed in *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997).  In *City of Chicago*, the Supreme Court found that where the plaintiff raised "federal constitutional claims … by way of a cause of action created by state law, namely, the Illinois Administrative Review Law," the case was still removable under § 1331 "arising under" jurisdiction because the "well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law." 522 U.S. at 164 (citations omitted).  The shortcoming with defendants' reliance on *City of Chicago* is that the state court complaints in that case are materially distinguishable from Garber's Complaint.  Specifically, the Supreme Court explained that "there can be no question that ICS' state court complaints raised a number of issues of federal law in the form of various federal constitutional challenges to the Landmarks and Designation Ordinances, and to the manner in which the Commission conducted the administrative proceedings."  *Id.*[2]  By contrast, Garber's Complaint contains no such federal constitutional challenges; rather, it simply mentions the Fourteenth Amendment in passing on one occasion.  Simply put, then, the *City of Chicago* analysis has no bearing here because in that case, the plaintiff was using a state court cause of action (the Illinois Administrative Review Law) to pursue federal constitutional claims.  Here, Garber is using a state court cause of action to pursue claims that defendants' conduct violated the Personnel Rules and the Municipal

---

[2]  According to the Supreme Court, "[b]oth of ICS' [state court] complaints raised a number of federal constitutional claims, including that the Landmarks and Designation Ordinances, both on their face and as applied, violate the Due Process and Equal Protection Clauses and effect a taking of property without just compensation under the Fifth and Fourteenth Amendments, and that the manner in which the Commission conducted its administrative proceedings violated ICS' rights to due process and equal protection." 522 U.S. at 160.

Ordinance.  He is not using that state court cause of action to pursue a federal constitutional claim; therefore, *City of Chicago* is unilluminating.

Similarly, defendants' efforts to liken this case to the circumstances presented in *Horton v. Board of County Commissioners of Flagler County*, 202 F.3d 1297 (11th Cir. 2000), miss the mark.  The *Horton* complaint alleged that the defendants had "deprived the plaintiffs of substantive due process, procedural due process, and equal protection by establishing the moratorium." *Id.* at 1298.  In concluding that the lower court's decision to remand the federal procedural due process claim was incorrect, the *Horton* panel reasoned as follows: "The implication [of the district court's reasoning] is that unless the federal procedural due process claim is sent back to state court, the plaintiffs cannot obtain whatever state remedy exists for the underlying procedural deprivation. ***But they can obtain the state remedy without an accompanying federal claim.***" *Id.* at 1300 (emphasis added).  That is precisely the case here, as Garber is seeking to obtain his state remedy without any accompanying federal claims.  Unlike the plaintiffs in *Horton*, Garber has not brought federal constitutional claims in his Complaint.  He has simply pursued the adequate state court remedies of mandamus, declaratory judgment and injunction provided to him under Alabama law.

For the same reasons, defendants' citation to *Carbajal v. Retreat at Bon Secour Owners Association, Inc.*, 2019 WL 3035296 (S.D. Ala. July 11, 2019) is unavailing.  In *Carbajal*, Magistrate Judge Nelson found "arising under" jurisdiction supporting removal where "even though Alabama law provides the claim for injunctive relief in Count 8, the principal issue is the federal constitutionality of the challenged zoning ordinance." *Id.* at *3.  Garber is not asking for any court to determine whether his federal procedural due process rights were violated, but instead seeks injunctive and declaratory relief that defendants' conduct violates the Personnel Rules and the Municipal Ordinance.

In short, defendants' Notice of Removal was predicated on the contention that Garber's Complaint raised federal procedural due process claims.  The Court finds that under any reasonable reading of the Complaint, no such federal claims exist.  As plaintiff states, his "request for judicial review of the City of Fairhope City Ordinance and the adverse personnel action taken against him arises under Alabama law and does not implicate a federal claim." (Doc. 7, PageID.57-58.)  While perhaps the Complaint would have been clearer had it not mentioned the words "Fourteenth Amendment" and "federal law," the Prayer for Relief leaves

no room for doubt that Garber is <u>not</u> pursuing federal constitutional claims in this action.  He is not seeking an injunction or a judicial declaration predicated on a theory that his federal procedural due process rights have been violated.  As such, there is no federal question jurisdiction in this case because the allegations in the Complaint establish neither that federal law creates the cause of action asserted nor that Garber's right to relief necessarily depends upon the resolution of a substantial question of federal law.

### III. Conclusion.

For all of the foregoing reasons, Plaintiff's Motion to Remand (doc. 2) is **granted**.  That said, plaintiff's embedded request for attorney's fees and costs involved in the Motion to Remand pursuant to 28 U.S.C. § 1447(c) is **denied** because the Court finds that defendants had an objectively reasonable basis for seeking removal.  *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").  This action is **remanded** to the Circuit Court of Baldwin County, Alabama, for further proceedings.

DONE and ORDERED this 26th day of October, 2020.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE